# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

WILLIAM LESLIE ROBINSON, JR.,

    Petitioner,

v.

WARDEN, CORRECTIONAL
RECEPTION CENTER,

    Respondent.

Case No. 2:18-cv-833
Judge Algenon L. Marbley
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner seeks release from confinement imposed pursuant to a state-court judgment in a criminal action. This case has been referred to the Undersigned pursuant to 28 U.S.C. 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges.

This matter is before the Court on its own motion under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"). Pursuant to Rule 4, the Court conducts a preliminary review to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief . . ." If it does so appear, the petition must be dismissed. *Id*. With this standard in mind, and for the reasons that follow, these are the circumstances here. Accordingly, the Undersigned **RECOMMENDS** that the Petition be **DENIED** and that this action be **DISMISSED.**

    I.    **FACTS AND PROCEDURAL HISTORY**

Petitioner challenges his June 5, 2013, convictions after a jury trial in the Franklin County Court of Common Pleas on aggravated burglary and sexual battery. The trial court imposed a term

of thirteen years of incarceration. On February 13, 2014, the appellate court affirmed the judgment of the trial court. *State v. Robinson*, 10th Dist. No. 13AP-563, 2014 WL 585972 (Ohio Ct. App. Feb. 13, 2014). In that action, Petitioner asserted that his convictions were against the manifest weight of the evidence, and that the trial court erred in imposing consecutive sentences without making findings required under O.R.C. § 2929.14(C)(4). *See State v. Robinson*, 2014 WL 585972, at *1. On May 28, 2014, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Robinson*, No. 2014-0484, 2014-Ohio-2245, 139 Ohio St.3d 1407 (Ohio Sup. Ct. May 28, 2014).

On July 13, 2015, Petitioner filed a delayed application for reopening of the appeal pursuant to Ohio Appellate Rule 26(B). On August 27, 2015, the appellate court denied the application for failure to show good cause for the untimely filing. *State v. Robinson*, 10th Dist. No. 13AP-563, 2015 WL 5085079 (Ohio Ct. App. Aug. 27, 2015). On December 2, 2015, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Robinson*, No. 2015-1620, 2015-Ohio-3486, 144 Ohio St.3d 1410 (Ohio Sup. Ct. Dec. 2, 2015). On August 22, 2016, Petitioner filed a petition for post conviction relief. On December 8, 2016, the trial court denied that action as untimely. On May 11, 2017, the appellate court affirmed the judgment of the trial court. *State v. Robinson*, 10th Dist. No. 16AP-887, 2017 WL 1955280 (Ohio Ct. App. May 11, 2017). On September 27, 2017, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Robinson*, No. 2017-0809, 2017-Ohio-7843, 150 Ohio St.3d 1445 (Ohio Sup. Ct. Sept. 27, 2017). On August 18, 2017, Petitioner filed a motion for new trial and modification of verdict and sentence, asserting the denial of the effective assistance of counsel. The trial court denied the motion. On March 29, 2018, the appellate court affirmed the judgment of the trial court, finding the motion for a new trial to be untimely. *State v. Robinson*, 10th Dist. No. 17AP-707,

2018 WL 1560330 (Ohio Ct. App. March 29, 2018). Petitioner indicates that he has filed a motion for reconsideration, which action remains pending. *Petition* (Doc. 1, PAGEID # 5).

On August 10, 2018, Petitioner filed this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He asserts that the evidence is constitutionally insufficient to sustain his convictions (claim one); that he was denied the effective assistance of appellate counsel (claim two); that he was denied the effective assistance of trial counsel (claim three); that he was denied a fair trial due to prosecutorial misconduct (claim four); and that the trial court abused its discretion by permitting admission of bad character evidence and issuing improper jury instructions (claim five). However, this action plainly is time-barred.

## II. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d). The statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id*.

A District Court is permitted, but not obligated, to address the timeliness of a federal habeas corpus petition sua sponte, *Day v. McDonough*, 547 U.S. 198 (2006), and may do so when conducting an initial review under Rule 4. *See Wogenstahl v. Charlotte*, No. 1:17-cv-298, 2017 WL 3053645, at *2 (S.D. Ohio July 19, 2017) (citing *McDonough*, 547 U.S. at 198). Here, Petitioner's judgment of conviction became final on August 26, 2014, ninety days after the Ohio Supreme Court's May 28, 2017, dismissal of his direct appeal, when the time period expired to file a petition for a writ of certiorari with the United States Supreme Court. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (citing *Clay v. United States*, 537 U.S. 522 (2003)); *see also Smith v. Ohio, Dept. of Rehabilitation and Correction*, 331 F.Supp.2d 605, 613 (N.D. Ohio Aug. 26, 2004) (citing *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000)). The statute of limitations began to run on the following day, and expired one year later, on August 27, 2015. Nonetheless, Petitioner waited almost three years, until August 6, 2018, to execute this habeas corpus Petition.

Moreover, none of Petitioner's subsequent state court actions tolled the running of the statute of limitations under the provision of § 2244(d)(2) because the state appellate court denied them as untimely under Ohio law, or he filed them after the one-year statute of limitations had already expired. "The tolling provision does not . . . 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003) (citing *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Further, "[a] post-conviction petition that is rejected as untimely by the state courts is not "properly filed" within the meaning of § 2244(d)(2) and does not toll the running of the statute of

limitations." *Burns v. Warden*, No. 2:18-cv-00055, 2018 WL 684647, at *2 (S.D. Ohio Feb. 1, 2018) (quoting *Henderson v. Bunting*, 698 F. App'x 244, 246–47 (6th Cir. 2017) (citing *Allen v. Siebert*, 552 U.S. 3, 7 (2007)). Additionally, Petitioner does not allege, and the record does not reflect, any extraordinary circumstances that would justify equitable tolling of the statute of limitations. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that in order to obtain equitable tolling of the statute of limitations, a litigant must establish that he has been diligently pursuing relief and that some extraordinary circumstance stood in his way of timely filing) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

To overcome his untimeliness, Petitioner asserts that equitable tolling of the statute of limitations is appropriate because he is actually innocent of the charges against him and that he is a victim of a manifest miscarriage of justice. Petition (Doc. 1, PAGEID # 15). Actual innocence can be a basis for equitable tolling when a petitioner "can present new evidence which undermines this court's confidence in the outcome of the trial." *Craig v. White*, 227 F. App'x 480, 481 (6th Cir. 2007) (citing *Souter v. Jones*, 395 F.3d 577, 600 (6th Cir. 2005); *Knickerbocker v. Wolfenbarger,* 212 F. App'x 426, 431–32 (6th Cir. 2007); *Stoker v. Watson*, 184 F. App'x 496, 497 (6th Cir. 2006); *Bolton v. Berghuis*, 164 F. App'x 543, 549–50 (6th Cir. 2006)). Accordingly, "a petitioner whose claim is otherwise time-barred may have the claim heard on the merits if he can demonstrate through new, reliable evidence not available at trial, that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Yates v. Kelly*, No. 1:11-cv-1271, 2012 WL 487991, at *1 (N.D. Ohio Feb. 14, 2012) (citing *Souter*, 395 F.3d at 590). Actual innocence means factual innocence, not mere legal sufficiency. *See Bousely v. United States*, 523 U.S. 614, 623 (1998). However, the Petitioner must overcome a high hurdle in order to establish his actual innocence.

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup*, 513 U.S. at 316, 115 S. Ct. 851, 130 L.Ed. 2d 808. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317, 513 U.S. 298, 115 S. Ct. 851, 130 L.Ed.2d 808 .... "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S. Ct. 851, 130 L.Ed.2d 808. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321, 513 U.S. 298, 115 S. Ct. 851, 130 L.Ed.2d 808.

*Souter*, at 589–90 (footnote omitted). "To invoke the miscarriage of justice exception to AEDPA's statute of limitations . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup*, 513 U.S. at 327).

Here, Petitioner has offered no credible evidence of actual innocence and has provided no new reliable evidence supporting his claim of actual innocence. Thus, Petitioner has failed to establish he is entitled to equitable tolling under this exception.

## III. RECOMMENDED DISPOSITION

For the foregoing reasons, the Undersigned **RECOMMENDS** that the Petition be **DENIED** and that this action be **DISMISSED.**

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those

portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

**IT IS SO ORDERED.**

Date: August 20, 2018 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE