# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**WILLIAM LESLIE ROBINSON, JR.,**

    **Petitioner,**

    v.

**WARDEN, CORRECTIONAL
RECEPTION CENTER,**

    **Respondent.**

**Case No. 2:18-cv-833
Judge Algenon L. Marbley
Magistrate Judge Kimberly A. Jolson**

## OPINION AND ORDER

On August 20, 2018, the Magistrate Judge issued a *Report and Recommendation* under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that the *Petition* for a writ of habeas corpus under 28 U.S.C. § 2254 be dismissed as barred by the one-year statute of limitations. (ECF No. 3.) Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. (ECF No. 4.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 4) is **OVERRULED**. The *Report and Recommendation* (ECF No. 3) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Court **DECLINES** to issue a certificate of appealability.

Petitioner challenges his June 5, 2013, convictions after a jury trial in the Franklin County Court of Common Pleas on aggravated burglary and sexual battery. He asserts that the evidence is constitutionally insufficient to sustain his convictions (claim one); that he was denied the effective assistance of appellate counsel (claim two); that he was denied the effective assistance of trial counsel (claim three); that he was denied a fair trial due to prosecutorial misconduct (claim four); and that the trial court abused its discretion by permitting admission of

bad character evidence and issuing improper jury instructions (claim five). As discussed, the Magistrate Judge recommended dismissal of this action because it is plainly time barred under the one-year statute of limitations provided for under 28 U.S.C. § 2244(d). Petitioner objects to that recommendation.

Petitioner again asserts that equitable tolling of the statute of limitations should be applied because he is actually innocent of the charges against him and the victim of a manifest miscarriage of justice, because the trial court issued improper jury instructions that failed to include all of the elements of the offenses charged, there was no DNA evidence of Petitioner's saliva found, and the evidence is constitutionally insufficient to sustain his convictions. Petitioner also asserts that dismissal of this case as barred by the one-year statute of limitations will violate the Suspension Clause and the Eighth Amendment.

These arguments are not persuasive. The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." Petitioner filed this action almost three years after the one-year statute of limitations imposed under the Antiterrorism and Effective Death Penalty Act ("AEDPA") had expired. Petitioner fails to indicate, and the record does not reflect, the manner in which application of the statute of limitations to bar review of his claims would violate the Eighth Amendment. Likewise, application of the statute of limitations does not violate the Suspension Clause. *See Hill v. Dailey*, 557 F.3d 437, 438 (6th Cir. 2009) ("Like every other court of appeals to address the issue, this court has held that AEDPA's one-year statute of limitations does not improperly suspend the writ of habeas corpus.") (citing *Tucker v. Stine*, 31 F. App'x 184, 185 (6th Cir. 2002) (*per curiam*); *Saylor v. Mack*, 27 F. App'x 321, 323 (6th Cir. 2001); *accord Hirning v. Dooley*, 209 F. App'x 614, 615 (8th Cir. 2006) (*per curiam*); *Delaney v. Matesanz,* 264 F.3d 7,

12 (1st Cir. 2001); *Wyzykowski v. Dep't of Corr.*, 226 F.3d 1213, 1217-18 (11th Cir. 2000); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 113 (2d Cir. 2000); *Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000) (*per curiam*); *Davis v. Bumgarner*, No. 99-6791, 1999 WL 1032617, at *1 (4th Cir. Nov.15, 1999) (*per curiam*); *Miller v. Marr*, 141 F.3d 976, 977-78 (10th Cir. 1998); *cf. Felker v. Turpin*, 518 U.S. 651, 664 (1996)). Moreover, neither Petitioner's assertion of alleged errors in the jury instructions, nor his claim that the evidence is constitutionally insufficient to sustain his convictions provides grounds for equitable tolling of the statute of limitations based upon his actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) ("To invoke the miscarriage of justice exception to the AEDPA's statute of limitations . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'") (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005). Petitioner does not refer to any credible evidence of actual innocence and has provided no new reliable evidence supporting his claim of actual innocence. Thus, the record does not indicate a basis for equitable tolling of the statute of limitations here. Petitioner's request for a thirty day extension of time to provide an additional memorandum in support of this argument therefore is **DENIED**.

For the foregoing reasons and for the reasons detailed in the Magistrate Judge's Report and Recommendation, Petitioner's *Objection* (ECF No. 4) is **OVERRULED**. The *Report and Recommendation* (ECF No. 3) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal

court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, ––U.S. ––. ––, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

The Court is not persuaded that reasonable jurists would debate the dismissal of Petitioner's claims as time-barred. The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that the appeal would not be in good faith and that an application to proceed in forma pauperis on appeal should be **DENIED.**

The Clerk is **DIRECTED** to enter final **JUDGMENT**.

    **IT IS SO ORDERED.**

                                s/Algenon L. Marbley
                                **ALGENON L. MARBLEY**
**DATED: September 12, 2018**          **UNITED STATES DISTRICT COURT**